## CINCINNATI UNION STOCK YARD CO v NEW YORK CENTRAL RD CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5229. Decided April 12, 1937

Paxton & Seasongood, Cincinnati, for appellee.

Harmon, Colston, ·Goldsmith & Hoadly, Cincinnati, for appellant.

### OPINION

By HAMILTON, J.

This law suit grows out of a claim on account for services rendered by plaintiff to defendant in loading and unloading livestock from the cars of defendant into the stock yards of plaintiff. The amount charged in the account is on a basis of $1.00 per car deck.

For some years prior to January 1st, 1935, the charge had been 75c per car deck. This charge was made under a contract between the Stock Yard Company and the Railroad. The contract contained a provision giving the right to either party to terminate the contract on 30 days notice. The Stock Yard Company notified the Railroad more than thirty days preceding January 1st, 1935 of its termination of the contract and that "on and after Jan. 1, 1935, its charge for loading and unloading would be $1.00 per car deck." The Railroad continued to tender its cars· of stock for the service of loading and unloading and that service was rendered by the Stock Yard Company. Upon being billed at the $1.00 rate, the Railroad failed and refused to pay the bill but offered to pay at the old rate of 75c per car deck. This was refused and hence the law suit.

The main defense is that the operations of the Stock Yard Company in the loading and unloading service consist of transportation service as a common carrier and as such is subject to control by the Interstate Commerce Commission. That under the Interstate Commerce Act, the Company is required to file a schedule of charges for loading and unloading, subject to the approval of the Interstate Commerce Commission as to reasonableness. That, by reason thereof, the plaintiff may not maintain this action in court, plaintiff not having complied with the provisions of the act.

Our conclusion is, that under the facts presented the plaintiff is not a common carrier engaged in transportation and is not subject to control under the Interstate Commerce Act. The test is, as stated by the United States Supreme Court, what does the Company do? Nothing is· presented by the facts tending to show a common carrier operation in loading and unloading the stock. The Company neither owns a line of railroad nor uses any, nor does it have any interest in any operating railroad.

We have read the very concise and able opinion of Judge Hess, the trial judge, in which he reviews the cases in point and applies the law to the facts of the case, and we are in accord with the reasoning and analysis of the law enunciated in that opinion, together with his conclusions. We, therefore, affirm the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati.

ROSS, PJ, and MATTHEWS, J, concur.